Frederick Rench, Esq.
646 Plank Rd., Ste 204
Clifton Park, NY 12065

James P. Trainor, Esq.
Cutler, Trainor & Cutler
2 Hemphill Place, Suite 153
Malta, NY 12020

Michael D. Assaf, Esq.
Assaf & Mackenzie
427 River Street
Troy, NY 12180

**RECEIVED & FILED**

OCT 28 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Re.: *Hudson Valley Care Centers, Inc. v. Green Manor Dialysis Center, LLC*
Chapter 11
Case No. 05- 16436/Adv. Pro. No. 08-90155

## LETTER DECISION AND ORDER

Hudson Valley Care Centers, Inc. (the "Plaintiff") filed for Chapter 11 relief on September 13, 2005. The Plaintiff owns and operates a skilled nursing facility known as Green Manor Nursing Home, an Adult Home, and a limited licensed home care agency at premises known as Green Manor Health Care Complex. The Plaintiff, as lessor, and the Green Manor Dialysis Center, LLC (the "Defendant"), as lessee, entered into a lease of a dialysis center located at the Green Manor Health Care Complex. The Plaintiff commenced this adversary proceeding against the Defendant to recover monies owed under the lease. Upon the Defendant's failure to appear or answer, the Plaintiff obtained a default judgment against the Defendant on December 30, 2008, in the amount of $489,115.89. Defendant, by order to show cause, has moved under Federal Rule of Civil Procedure ("F.R.C.P.") 55(c) to vacate the default or, alternatively, set aside the default judgment asserting it did not receive notice of the summons and complaint because of an outdated address on file with the Secretary of State.

1

F.R.C.P. 55(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055, provides that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In this case, because a judgment was entered, an analysis of Rule 60(b) is appropriate. The relevant portion of Rule 60(b) allows a judgment to be set aside for "excusable neglect." Fed. R. Civ. P. 60(b)(1). When deciding whether relief from a default judgment is appropriate, the court must consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *In re Pecarsky*, 249 F.3d 167, 171 (2d Cir. 2001) (citation omitted).

To establish prejudice, the plaintiff must demonstrate "that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted). Plaintiff asserts that if the default judgment is vacated the entry of a Final Decree in its Chapter 11 case will be delayed, causing Plaintiff to incur additional fees to the United States Trustee. That may be true, but the Plaintiff chose to litigate in this court in the first instance. This adversary proceeding was commenced in October 2008. If issue had been joined in the normal course, this matter would more than likely been scheduled for trial a year out, assuming no discovery delays. Presumably, Plaintiff took this into consideration when it chose this court over state court. The court does not find that the prejudice asserted by Plaintiff is sufficient to warrant denial of the motion to vacate.

With regard to the willfulness factor, something more than mere negligence or carelessness is required. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir.

2

1996). The record in this case demonstrates that valid service of the summons and complaint upon the Defendant was made pursuant to F.R.C.P. 4(h), applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7004(a), via service on the Secretary of State pursuant to New York Business Corporation Law ("NYBCL") § 306. Defendant, however, failed to apprise the Secretary of State that it moved in May 2006 until February 2009.

Defendant's Chief Executive Officer, Dr. Vinod Anand, indicates that he made arrangements with the post office to forward all of Defendant's mail to their new address after it moved. (Anand Supplemental Aff. (Doc. No. 48) ¶ 7.) Dr. Anand also states that once they received mail from various people or entities who were unaware their mailing address changed, they would send out a written verification of the new address. (Supplemental Aff. ¶ 7.) All of this was done to ensure the orderly and uninterrupted flow of business. (Supplemental Aff. ¶ 7.) Dr. Anand admits, however, that one entity that was not informed of the Defendant's address change was the Secretary of State. (Supplemental Aff. ¶ 8.) Dr. Anand asserts he was unaware of this requirement. (Supplemental Aff. ¶ 8.)

"Ignorance of the law does not constitute excusable neglect." *Lustig v. WCTA Fed. Credit Union*, 326 B.R. 42, 46 (Bankr. W.D.N.Y. 2005). The cost of doing business in New York under a corporate structure is that a current address for service of process be kept with the Secretary of State (*see* N.Y. Bus. Corp. Law § 306); a corporation's failure to do so impedes judicial process. If the Defendant failed to actually receive a copy of the summons and complaint from the Secretary of State, it was a result of its own doing as it failed to file a change of address for service of process for approximately thirty-three months. The court cannot condone such inaction. Based upon the record before it, the court finds that this case does not demonstrate

3

excusable neglect, but rather a reckless disregard on the part of the Defendant.[1]

To satisfy the "meritorious defense" element, the movant's defense "need not be ultimately persuasive at this stage." *Am. Alliance Ins. Co.*, 92 F.3d at 61. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Id.* (citation omitted). Defendant argues that the lease could be terminated after five years pursuant to a separate letter agreement entered into by the parties. Defendant, however, does not deny the existence of the lease or its terms for the first five years. By its own admissions, Defendant admits it did not pay all of the rent and "ancillary charges" under the lease for the first five year term. (Anand Aff. (Doc. No. 38) ¶ 17.) Defendant asserts that it never received invoices for the "ancillary charges," and eventually reached an agreement to pay $1,500 per month for utilities. (Anand Aff. ¶¶ 18, 25.) This agreement, however, does not appear to be in writing. In addition, Defendant asserts that it withheld rent due to the deterioration of the property, unreliable snow removal, unmade repairs to buildings, and unpaid utility bills. (Anand Aff. ¶ 18.) Defendant, however, does not set forth what impact these items had on its day-to-day operations, if any, what expenses it incurred because of Plaintiff's alleged inaction, or a legal basis for withholding rent.

---

[1] New York Civil Practice Law and Rules ("CPLR") 5015 is the main provision for vacating default judgments in state court and the approximate counterpart of F.R.C.P. 60(b). *See* N.Y. CPLR § 5015, Practice Commentaries, C5015:1 (2007). Although CPLR 5015(a)(1) speaks in terms of "excusable default," it encompasses the grounds enumerated in F.R.C.P. 60(b)(1): mistake, inadvertence, surprise or excusable neglect. *See* 10 Jack B. Weinstein, et al., New York Civil Practice, ¶ 5015.04, at 50-305 (1998). New York courts have held that the failure to keep a current address with the Secretary of State pursuant to Business Corporation Law § 306(b)(1) does not constitute a reasonable excuse to vacate a default under CPLR 5015(a)(1). *Ferguson v. Shu Ham Lam*, 59 A.D.3d 387, 872 N.Y.S.2d 529 (2d Dep't 2009); *On Assignment v. Medasorb Techn., LLC*, 50 A.D.3d 342, 855 N.Y.S.2d 98 (1st Dep't 2008). While not binding on this court, these cases are informative on whether Defendant's conduct amounted to excusable neglect for purposes of vacating a default judgment under F.R.C.P. 60(b).

Even if Defendant was ultimately able to establish that it has a meritorious defense, it cannot demonstrate that its default in answering the summons and complaint was a result of excusable neglect.

Weighing the Second Circuit factors, the court finds the most weight must be given to the finding that the default was not the result of excusable neglect. The court generally disfavors defaults and its preference is for resolving matters on their merits. The facts before the court, however, present one of those unusual cases where relief from the default should not be allowed.

Although the court declines to grant Defendant's motion to vacate the default judgment based upon excusable neglect, upon further review of the docket, it appears that the court may have erred in entering the default judgment in the amount requested by the Plaintiff. To obtain a default judgment, a plaintiff must submit admissible evidentiary proof of its alleged damages unless the amount sought is liquidated or susceptible to mathematical calculation. *Suprema Specialties, Inc. v. Silverman*, 330 B.R. 40, 54 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir. 1975)). Discretion is given to the court under F.R.C.P. 55(b)(2) to conduct such hearings on damages "as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). The court need not conduct a formal inquest or evidentiary hearing, "'as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment.'" *Suprema Specialties*, 330 B.R. at 55 (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)(alterations in original)).

In this case, the Plaintiff sought past due monthly rent, as well as "ancillary charges" under the lease consisting of 20 percent of all expenses, except water usage, which is allotted on a 50 percent basis. Plaintiff's Rule 55 Application for Default Judgment consists of Plaintiff's

counsel's affirmation as well as an unsworn statement prepared by counsel simply indicating the total amount due, the per diem interest rate, and interest calculated through the date of the statement. (Doc. No. 6.) In retrospect, there was insufficient information contained in the application and statement to substantiate the damages awarded to Plaintiff in the default judgment.

Based upon the foregoing, the Defendant's default will not be reopened, but the default judgment shall be vacated so that further submissions may be filed to enable the court to calculate the damages sought by the Plaintiff. The Defendant shall be permitted to participate in the inquest. If after the court receives the detailed affidavits and documentary evidence it becomes apparent that an evidentiary hearing is needed, the court will issue an appropriate scheduling order.

NOW, therefore, it is hereby

ORDERED, that the default judgment entered on December 30, 2008, shall be and hereby is vacated; and it is further

ORDERED, that the Plaintiff shall file and serve an Amended Rule 55 Application for Default Judgment on or before November 13, 2009; and it is further

ORDERED, that the Defendant shall file and serve a response to the Amended Rule 55 Application on or before November December 1, 2009; and it is further

ORDERED, that Plaintiff shall serve and file a reply or a letter to the court indicating a reply will not be filed on or before December 8, 2009.

October 28, 2009

_____
Hon. Robert E. Littlefield, Jr.
Chief United States Bankruptcy Court Judge